ORDER STRIKING BRIEF
PER CURIAM.
On the court’s own motion, we strike appellants’ second amended initial brief for failure to list in the table of contents the issues for review. Fla.RApp.P. 9.210(b)(1).
Appellants filed an initial brief which was deficient in two respects. The table of contents did not list the issues for review, in violation of Rule 9.210(b)(1) and the cover page did not state the name of the lower tribunal in violation of Rule 9.210(a)(4). As part of this court’s regular screening process, the court issued an order to show cause why the brief should not be stricken for failure to comply with those rules. Appellants were given the alternative of filing an amended brief which complied with the rules. Appellants filed an amended initial brief. That brief corrected the problem of the omission of the name of the lower tribunal from the cover page. However, the amended brief still did not list the issues for review in the table of contents. The court issued another show cause order. Appellants filed a second amended initial brief which still did not list the issues for review in the table of contents, although there is listed in the table of contents the statement “issues for review” and a reference to two page numbers.
Listing the issue for review necessarily includes a statement of the issue. It does not mean, as this court often sees in briefs, simply stating Issue I, Issue II, Issue III, etc. That is not a listing of the issues, but a listing of the numbers of the issues. Listing the issues is not a make work project for attorneys. Because of this court’s heavy case load, considerable staff time is devoted to screening briefs for a number of reasons. For example, briefs are screened to: ensure that they comply with the rules of appellate procedure; identify cases which are entitled to expedited processing; identify cases appropriate for summary affirmance pursuant to Rule 9.315(a); and, identify cases which have related or identical issues. Much of that screening depends on having the issues listed in the table of contents. The failure to have the issues listed greatly increases the amount of time necessary to conduct a proper screening. For that reason, this court routinely strikes briefs which do not have the issues for review listed in the table of contents.
Accordingly, appellants’ second amended initial brief is stricken. Appellants shall have 10 days from the date of this order to *228 file a third amended initial brief which complies with Rule 9.210.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.